# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY E. BAKER, <br>          Appellant, <br><br>     v. <br><br> DEPARTMENT OF THE NAVY, <br>          Agency. | DOCKET NUMBERS <br> SF-0752-20-0661-I-2 <br> SF-0752-21-0024-I-1 <br><br> DATE: MARCH 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy E. Baker, Bremerton, Washington, pro se.

Mona Williams, Silverdale, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has a filed petition for review of the initial decisions, which affirmed his indefinite suspension and his removal. We JOIN these appeals for adjudication under 5 C.F.R. § 1201.36(a)(2), and DISMISS the petition for review as untimely filed without good cause shown, 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant was a WG-02 Machinist whom the agency indefinitely suspended, effective July 16, 2020, based on the suspension of his security clearance. *Baker v. Department of the Navy*, MSPB Docket No. SF-0752-20-0661-I-1, Initial Appeal File (0661 IAF), Tab 6 at 11-19. The agency removed the appellant effective September 15, 2020, based on the alleged misconduct underlying his security clearance suspension. *Baker v. Department of the Navy*, MSPB Docket No. SF-0752-21-0024-I-1, Initial Appeal File (0024 IAF), Tab 4 at 12, Tab 5 at 53-61.

The appellant appealed both adverse actions to the Board, and on February 10, 2021, the administrative judge issued two separate initial decisions affirming the agency's actions. 0661 IAF, Tab 1; *Baker v. Department of the Navy*, MSPB Docket No. SF-0752-20-0661-I-2, Appeal File (I-2 AF), Tab 11, Initial Decision (0661 ID); 0024 IAF, Tab 15, Initial Decision (0024 ID). Each initial decision informed the appellant that it would become final on March 17, 2021, and that date would be the deadline for filing a petition for review with the Board, unless the appellant received the initial decision more than 5 days after it was issued, in which case the filing deadline would be 30 days from the date of receipt. 0661 ID at 7; 0024 ID at 9-10. The initial decisions were served on the appellant by U.S. mail the same day. I-2 AF, Tab 12; 0024 IAF, Tab 16.

On March 22, 2021, the appellant filed a petition for review, disputing the underlying allegations of misconduct in both appeals. *Baker v. Department of the Navy*, MSPB Docket No. SF-0752-20-0661-I-2, Petition for Review File (0661 PFR File), Tab 1; *Baker v. Department of the Navy*, MSPB Docket No. SF-0752-21-0024-I-1, Petition for Review File (0024 PFR File), Tab 1. The petition did not address the issue of timeliness.

The appellant's petition for review contained the docket numbers of both appeals. Therefore, the Office of the Clerk of the Board docketed this filing as two separate petitions—one in each appeal. The Office of the Clerk of the Board

then issued acknowledgment letters in each appeal informing the appellant that his petitions for review appeared to be untimely because they were filed after March 17, 2021. 0661 PFR File, Tab 2 at 1-2; 0024 PFR File, Tab 2 at 1-2. The acknowledgment letters informed the appellant that, under the Board's regulations, a petition for review that appears to be untimely must be accompanied by a motion to either accept the petition as timely or to waive the deadline for good cause shown. 0661 PFR File, Tab 2 at 2; 0024 PFR File, Tab 2 at 2. The appellant was further informed that his motion must be supported by an affidavit or sworn statement made under the penalty of perjury. 0661 PFR File, Tab 2 at 2; 0024 PFR File, Tab 2 at 2. To assist the appellant, the Office of the Clerk of the Board enclosed with each acknowledgment letter a template motion for him to use. 0661 PFR File, Tab 2 at 2, 7-8; 0024 PFR File, Tab 2 at 2, 7-8. The Office of the Clerk of the Board further informed the appellant that his motion was due by March 30, 2021, and that if he failed to file the required motion, his petition for review might be dismissed as untimely. 0661 PFR File, Tab 2 at 2; 0024 PFR File, Tab 2 at 2. The appellant has not responded to the acknowledgment letters, and the agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the initial decision is issued or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). For the following reasons, we find that the appellant's petition for review was untimely filed. The initial decisions' certificates of service reflect that they were mailed to the appellant on February 10, 2021, at his address of record. I-2 AF, Tab 12; 0024 IAF, Tab 16. Board precedent and regulations recognize that documents placed in the mail are presumed to be received in

5 days. *Lagreca v. U.S. Postal Service*, 114 M.S.P.R. 162, ¶ 6 (2010); *see* 5 C.F.R. § 1201.4(*l*). The appellant has not asserted that he failed to receive the initial decisions in due course, and so we find that the deadline for filing the petition for review was March 17, 2021—thirty-five days after the initial decisions were issued. The appellant filed his petition for review by mail, postmarked March 22, 2021. 0661 PFR File, Tab 1 at 5; 0024 PFR File, Tab 1 at 5. The appellant does not allege that he placed the petition in the stream of mail prior to that date, and so we find that March 22, 2021 was the date of filing. *See* 5 C.F.R. § 1201.4(*l*). Thus, the petition for review was untimely by 5 days.

Because the petition for review was untimely, we proceed to the issue of whether there is good cause to waive the deadline under 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). To establish good cause for the untimely filing of a petition for review, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Morton v. Department of the Navy*, 53 M.S.P.R. 165, 167 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993) (Table).

In this case, the appellant is proceeding pro se, and the 5-day filing delay was not particularly lengthy. *See Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶¶ 2, 9 (2007) (finding that a filing delay of 4 days was minimal). Nevertheless, absent good cause shown, the Board will not excuse an untimely petition for review no matter how minimal the delay. *Bond v. Department of the Army*, 51 M.S.P.R. 322, 324 (1991); *e.g., Smith v. Department*

*of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007) (declining to excuse the appellant's 1-day delay in filing his petition for review when the appellant failed to explain the delay). The appellant's failure to submit a motion explaining the circumstances of his untimely filing, as directed by the Office of the Clerk of the Board, and required under 5 C.F.R. § 1201.114(g), leaves us with no basis to conclude that he acted with due diligence or ordinary prudence such that his untimely filing might be excused. *See De La Cruz Espan v. Office of Personnel Management*, 95 M.S.P.R. 403, ¶¶ 6-7 (2004). Nor is there any information in the petition for review or any of the other documents in the record that sheds any light on the circumstances of the appellant's untimely filing.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decisions remain the final decisions of the Board regarding the indefinite suspension and removal appeals.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.